## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| LARRY FARRINGTON and ELLA FARRINGTON )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DANIEL L. COX and LUMBER LIQUIDATORS, LLC )<br>)<br>Defendants. ) | CIVIL ACTION NO.: 3:07-CV-220 |

## ORDER

This matter before the Court upon defendant's motion to remand [Doc. 4]. Plaintiffs commenced this cause of action in Chancery Court for Union County, Tennessee, on May 23, 2007, alleging violations of the Tennessee Consumer Protection Act and breach of contract against both defendants, Daniel L. Cox ("Cox") and Lumber Liquidators, LLC ("Lumber Liquidators"), and a breach of warranty only against Lumber Liquidators, for the installation of hardwood flooring in plaintiffs' home in Sharp's Chapel, Tennessee. In their complaint, plaintiffs seek remedy for "removal and replacement of all the Bellawood flooring, the total cost of which may be in excess of Seventy-five Thousand Dollars ($75,000.00)." Plaintiffs assert that as a result of defendants' actions, they are entitled to actual and compensatory damages, treble damages, attorneys' fees, and the costs of this action under Tenn. Code Ann. § 47-18-109.

1

Thereafter, defendant Lumber Liquidator removed the instant action to this Court claiming diversity jurisdiction pursuant to Title 28 U.S.C. §§ 1332, 1441(a), and 1446. In response, defendant Cox filed this motion to remand, claiming that the plaintiffs' damages fall below the $75,000.00 minimum amount in controversy for federal diversity jurisdiction. Specifically, Cox asserts that, since the plaintiffs paid approximately $12,892.37 in total for the flooring, the damages would be less than $75,000.00. Cox also argues that any damages as apportioned to each defendant may not be aggregated to establish the amount in controversy. Lastly, Cox requests an award of attorneys' fees associated with filing his motion to remand.

Lumber Liquidators filed a response in opposition to Cox's motion stating that plaintiff's complaint satisfies the jurisdictional amount in controversy by seeking "compensatory" and "actual" damages, treble damages, and attorneys' fees, all of which are considered in determining amount in controversy, as well as expressly stating that the damages may be in excess of $75,000.00. Lumber Liquidators asserts that Cox has not overcome the presumption, that is, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal, for remand to be warranted. Also, Lumber Liquidators indicates that the cost of removing and replacing the wood would be more than the amount listed in plaintiffs' invoices for the flooring. Additionally, Lumber Liquidators states that, since the plaintiffs seek one alleged loss, the law barring aggregation of separate and distinct claims is not applicable.

Under 28 U.S.C. §1332, for actions based in diversity of citizenship, "[t]he district

2

courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . ."  Where a plaintiff does not meet this amount in controversy requirement in an action brought under diversity jurisdiction, a district court will not have subject matter jurisdiction, and in such instances, a district court must dismiss the action.  See *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272 (6th Cir. 1973).

The United Supreme Court has explained that the rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.  *Id.* The Sixth Circuit thereafter has reiterated that the plaintiff's claim of damages does not require an absolute certainty of recovery; rather, it is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount. See *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997-98 (6th Cir. 1976).  Moreover, "[i]n calculating the amount in controversy, compensatory and punitive damages claimed by plaintiff are included, as are any statutory penalties and statutory attorney's fees sought by a plaintiff."  *Hahn v. Auto-Owners Ins. Group*, No. 3:04-cv-380, 2006 WL 2796479, at *1 (E.D. Tenn. Sept. 27, 2006) *(citing Wood*, 473 F.2d 272 at 274 and *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

In the instant case, the plaintiffs seek more than just the cost of the materials and

more than the cost to remove and replace the flooring. The plaintiffs have asserted claims for breach of contract, breach of warranty, and violations of the Tennessee Consumer Protection Act claiming actual and compensatory damages, treble damages, attorneys' fees, and costs. Moreover, the plaintiffs do not limit their damages to any amount, instead stating that their damages may exceed $75,000.00. The Court finds that in light of the damages alleged, the amount in controversy could easily be met. The Court therefore holds that Lumber Liquidators has sufficiently established the jurisdictional requirement. Accordingly, defendant Cox's motion for remand [Doc. 4] is **DENIED**.

    **IT IS SO ORDERED.**

                                      **ENTER:**

                                      s/Thomas W. Phillips
                                      **UNITED STATES DISTRICT JUDGE**